UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KEITH TATE,

               Plaintiff,                     Case No. 1:22-cv-1026

v.                                      Honorable Ray Kent

UNKNOWN TANNER et al.,

               Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 4.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding

tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's federal claims against Defendants Health Care of E.C. Brooks Correctional Facility, Lamb, Castenholz, and Britton for failure to state a claim. The Court will also dismiss Plaintiff's state law claims against these Defendants without prejudice. Plaintiff's Eighth Amendment and state law claims against Defendant Tanner remain in the case.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. The events about which he complains occurred at the Earnest C. Brooks Correctional Facility (LRF) in

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. Feb. 10, 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Muskegon Heights, Muskegon County, Michigan. Plaintiff sues "Health Care of E.C. Brooks Correctional Facility," Registered Nurses Unknown Tanner, Patricia Lamb, and Sherri Castenholz, and Health Unit Manager Jill Britton.

Plaintiff alleges that, on September 14, 2021, he experienced shortness of breath, chest pain, dizzy spells, and loss of balance. (Compl., ECF No. 1, PageID.3.) Plaintiff was transported to health care where Defendant Tanner "demonstrated [a] lack of interest towards the severity of [Plaintiff's] near death experience," and sent Plaintiff back to his cell without a wheelchair or other support, making Plaintiff's condition worse. (*Id.*) Plaintiff fell in an out of consciousness and begged unidentified staff for medical assistance. (*Id.*) Plaintiff claims that it took several more hours for Plaintiff to receive assistance, increasing Plaintiff's pain, multiplying Plaintiff's blood clots, and causing "psychological torture." (*Id.*) Plaintiff ultimately spent several days in the hospital where he was told that the delay in his being transported to the hospital is what caused his blood clots to multiply, nearly killing Plaintiff. (*Id.*) Plaintiff alleges both "deliberate indifference" and "malpractice." (*Id.*, PageID.3–4.)

Following the events of September 14, 2021, Plaintiff filed a grievance with respect to the actions of Defendant Tanner. (*Id.*, PageID.4–5; ECF No. 1-1, PageID.16.). According to the exhibits attached to Plaintiff's complaint, Defendant Castenholz responded to Plaintiff's grievance by referencing Plaintiff's medical records, and Defendant Britton reviewed Plaintiff's grievance, denying the same. (ECF No. 1-1, PageID.16.) Defendant Lamb responded to the appeal of Plaintiff's grievance, noting *inter alia* that "notification and consultation with a medical provider would have been the preferred course of action when grievant initially presented with chest pain on 9/14/2021," but concluding that "[n]o further remedy may be offered at this time." (*Id.*, PageID.19; ECF No. 1, PageID.4.) Plaintiff claims that Defendants violated Plaintiff's due process

rights "on several occasions when his grievance was denied for 'untimely' upon Step III which wasn't accurate or true." (ECF No. 1, PageID.4.) Plaintiff further claims that "staff violat[ed] the grievance procedure when an extension was granted without [Plaintiff's] consent," that Plaintiff was improperly denied an interview during Step I, and that "when staff found 'findings[,]' there was absolutely nothing done nor efforts was [sic] made to correct the error." (*Id.*, PageID.4–5.)

Plaintiff's complaint contains no factual allegations against Defendant Health Care of E.C. Brooks Correctional Facility.

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages against all Defendants. (ECF No. 1, PageID.6.)[2]

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[2] Plaintiff also references that he "will be amending related complaints that are still being process[ed] through proper procedure such as grievances, staff corruption and racial discrimination . . . ." (*id.*, PageID.5); however, Plaintiff has not filed any amendments in this action. To the extent that Plaintiff intended to raise claims of corruption or discrimination in the present complaint, he has alleged no facts to support such claims and, therefore, they would be subject to dismissal for failure to state a claim.

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.     **Defendant Healthcare of E.C. Brooks Correctional Facility**

Neither Plaintiff's complaint nor the exhibits thereto contain any factual allegations against Defendant Health Care of E.C. Brooks Correctional Facility, also referred to as "Health Services of E.C. Brooks Correctional Facility" (ECF No. 1, PageID.2). It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted

6

constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

Plaintiff does not indicate whether Defendant Health Care of E.C. Brooks Correctional Facility is a department of the MDOC or a private entity contracting with the MDOC. If Defendant Health Care of E.C. Brooks Correctional Facility is a subdivision of the MDOC, Defendant is absolutely immune from suit under § 1983. *See Coston v. Corizon, Inc.*, No. 1:17-cv-249, 2017 WL 1206263, at *2 (W.D. Mich. Apr. 3, 2017) (citations omitted). But even if Plaintiff seeks to bring claims against Health Care of E.C. Brooks Correctional Facility as a private entity employing the individual Defendants, Plaintiff fails to state a claim under § 1983. A private entity which contracts with the state to perform a traditional state function like providing healthcare to inmates can "be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West*, 487 U.S. at 54). The requirements for a valid § 1983 claim against a municipality apply equally to private corporations that are deemed state actors for

purposes of § 1983. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (recognizing that the holding in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), has been extended to private corporations).

"Under 42 U.S.C. § 1983, while a municipality can be held liable for a constitutional violation, there is no vicarious liability based on the acts of its employees alone." *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) (citing *Monell*, 436 U.S. at 690–91). Instead, a municipality "can be sued under § 1983 only when a policy or custom of that government caused the injury in question." *Id.* (citations omitted). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005) (citing *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)); *Claiborne Cnty.*, 103 F.3d at 508–09.

Here, Plaintiff has not set forth any facts that would plausibly suggest that a policy or custom of Defendant Health Care of E.C. Brooks Correctional Facility caused any alleged violation of Plaintiff's constitutional rights. Accordingly, for all of the reasons set forth above, the Court will dismiss Plaintiff's § 1983 claims against Defendant Health Care of E.C. Brooks Correctional Facility.

### B.    Defendant Tanner

Plaintiff claims that Defendant Tanner was deliberately indifferent to Plaintiff's serious medical needs on September 14, 2021, when Defendant Tanner ignored Plaintiff's complaints, returning Plaintiff to his cell without medical care or support. (ECF No. 1, PageID.3.)

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. It obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent

with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

Deliberate indifference may be manifested by a medical professional's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g.*, *Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005)

(holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842)).

Plaintiff claims that Defendant Tanner examined Plaintiff after Plaintiff experienced shortness of breath, chest pain, dizzy spells, and loss of balance, but displayed a "lack of interest towards the severity of [Plaintiff's] near death experience." (ECF No. 1, PageID.3.) Plaintiff further claims that Defendant Tanner sent Plaintiff back to his cell without proper support, and that Defendant Tanner's failure to properly treat Plaintiff or transfer Plaintiff to the hospital made Plaintiff's condition worse. (*Id.*) Accepting Plaintiff's allegations as true, Plaintiff has sufficiently

10

stated an Eighth Amendment claim against Defendant Tanner for deliberate indifference to Plaintiff's serious medical need.

### C.       Defendants Lamb, Castenholz, and Britton

Plaintiff claims that Defendants Lamb, Castenholz, and Britton violated Plaintiff's right to due process through their failure to comply with proper grievance procedures, including denying Plaintiff's grievance as untimely, granting an extension as to Plaintiff's grievance without Plaintiff's consent, denying Plaintiff an interview in connection with Step I of the grievance process, and making no effort to correct the alleged error by Defendant Tanner. (ECF No. PageID.4–5.) However, Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569–70 (6th Cir. 2002); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Thus, because Plaintiff has no liberty interest in the grievance process, Defendants' conduct did not deprive him of due process.

To the extent that Plaintiff complains that Defendants Lamb, Castenholz, and Britton otherwise failed to adequately investigate or decide Plaintiff's grievance, Plaintiff also fails to allege an actionable § 1983 claim.

Government officials may not be held liable for the unconstitutional conduct of others under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New*

11

*York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff fails to allege that Defendants Lamb, Castenholz and Britton, by denying Plaintiff's grievances, engaged in any active unconstitutional behavior. Accordingly, the Court will dismiss any remaining § 1983 claims against them.

### D.      State Law Claims

In addition to alleging violations of Plaintiff's constitutional rights, Plaintiff asserts that Defendants ignored Plaintiff's "'on-going' conditions," resulting in "malpractice." (ECF No. 1, PageID.4.) Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Accordingly, the Court liberally construes Plaintiff's reference to "malpractice" as an attempt to raise additional claims under Michigan common law.

In determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v.*

12

*Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotation marks omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Because Plaintiff's federal claims against Defendants Health Care of E.C. Brooks Correctional Facility, Lamb, Castenholz, and Britton will be dismissed, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims against these Defendants. Therefore, Plaintiff's state law claims against Defendants Health Care of E.C. Brooks Correctional Facility, Lamb, Castenholz, and Britton will be dismissed without prejudice to Plaintiff's ability to bring those claims in the state court.

As to Defendant Tanner, because Plaintiff continues to have a pending federal claim against this Defendant, the Court will exercise supplemental jurisdiction over Plaintiff's state law claim against Defendant Tanner.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims against Defendants Health Care of E.C. Brooks Correctional Facility, Lamb, Castenholz, and Britton will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss Plaintiff's state law claims against Defendants Health Care of E.C. Brooks Correctional

Facility, Lamb, Castenholz, and Britton without prejudice. Plaintiff's Eighth Amendment and state law claims against Defendant Tanner remain in the case.

An order consistent with this opinion will be entered.

Dated: <u>December 12, 2022</u>   /s/ Ray Kent
             Ray Kent
             United States Magistrate Judge